**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5232**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JULIOUS JEROME BULLOCK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00174-BO-1)

Submitted: June 23, 2011            Decided: August 16, 2011

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kimberly A. Moore, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julious Jerome Bullock appeals his 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). On appeal, Bullock contends that the district court imposed a procedurally and substantively unreasonable sentence. Finding no reversible error, we affirm.

Although Bullock requested that the district court consider the fact that he accepted responsibility for his crime, he did not request any particular sentence or object to the adequacy of the district court's explanation for his sentence. We therefore review the sentence for plain error. See United States v. Lynn, 592 F.3d 572, 578-80 (4th Cir. 2010). To establish plain error, Bullock "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the

2

Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. The court's explanation need not be exhaustive; it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

When, as here, the district court imposes a within-Guidelines sentence, the district court may "provide a less extensive, while still individualized, explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). That explanation, however, must be sufficient to allow for "meaningful appellate review" such

3

that the appellate court need "not guess at the district court's rationale."  Carter, 564 F.3d at 329-30 (internal quotation marks omitted).

We recently held that a district court's sparse explanation of its chosen sentence was legally sufficient where the court (1) determined that the defendant had no objections to the findings and calculations set forth in the presentence report ("PSR"); (2) explicitly adopted the PSR's findings and calculations; (3) heard argument from counsel; (4) gave the defendant an opportunity to allocute; (5) stated that it considered the § 3553(a) factors; (6) concluded that a Guidelines sentence accomplished the purposes of § 3553(a); and (7) imposed the sentence requested by the defendant.  United States v. Hernandez, 603 F.3d 267, 272 (4th Cir. 2010).

Based on our review of the record and the sentencing transcript, we conclude that the district court committed procedural error by failing to provide an individualized rationale to support Bullock's 120-month sentence.  See Gall, 552 U.S. at 51; Carter, 564 F.3d at 328.  In contrast to the court in Hernandez, the district court failed to expressly refer to any of the § 3553(a) factors or find that a Guidelines sentence accomplished the purposes of § 3553(a).  We further find that the court's error was plain.  See Lynn, 592 F.3d at 577 (plain errors are those that are "clear or obvious");

4

United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007) (noting that the reasons for a particular sentence are to be "matched to a factor appropriate for consideration" under 18 U.S.C. § 3553(a) and "clearly tied to [the defendant's] particular situation").

Bullock, however, fails to establish that a different sentence might have been imposed if the district court had provided a more lengthy explanation. The district court sentenced Bullock to 120 months of imprisonment, which was both the Guidelines range and the statutory maximum sentence, and there is nothing to suggest that further discussion by the district court would have resulted in a different sentence. Accordingly, we find that Bullock cannot demonstrate that the district court's explanation constituted plain error that affected his substantial rights. See Hernandez, 603 F.3d at 273; accord Lynn, 592 F.3d at 580.

Finally, Bullock's within-Guidelines sentence is presumptively reasonable on appeal, see Rita, 551 U.S. at 346-56; United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and he has failed to rebut that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors). Therefore, we

5

conclude that the sentence is substantively reasonable.  See Go, 517 F.3d at 220.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED